## Cremer's Estate.   Smeltzer's Appeal.

*Intestate laws—Distribution—First cousins—Act of June 3, 1885.*

Under the act of June 30, 1885, P. L. 251, if the only persons entitled
to take the estate of an intestate are first cousins, children of deceased
uncles and aunts, distribution must be made per capita and not per stirpes.

Argued May 18, 1893.  Appeal, No. 29, July T., 1893, by
Blanche Smeltzer et al., heirs, from decree of O. C. York Co.,
dismissing exceptions to auditor's report in estate of Henry
W. Cremer, deceased.  Before STERRETT, C. J., GREEN, WIL-
LIAMS, MITCHELL and DEAN, JJ.

Exceptions to report of auditor distributing decedent's es-
tate.

The auditor, Edward Chapin, Esq., reported as follows :

"From the evidence it appears that Henry W. Cremer died
unmarried and without issue, intestate, leaving neither father,
mother, brother, sister, uncle, aunt, nephew nor niece living,
but the following heirs, being children of deceased uncles and
aunts both on the maternal and on the paternal side, viz. : [nam-
ing them.]

"No evidence was produced before your auditor of any sec-
ond cousins or cousins once removed living. And therefore
there is no question as to whom the estate descends and among
whom it is to be distributed. But there is a question raised as
to the method of distribution, whether it is per stirpes or per
capita? The legal question was fully and ably argued by coun-
sel representing the parties interested.

" Under the intestate laws of the commonwealth as enacted in 1833 and approved April 8, 1833, P. L. 318, first cousins inherited as next of kin and not as a class of collateral heirs, and they took per capita: § 7, act of 1833; § 14, act of 1833; Hayes's Appeal, 89 Pa. 256.

" The act of April 27, 1855, constituted them an additional class of collateral heirs, as contradistinguished from next of kin, and directed in explicit terms that they should inherit and take by representation, taking among them such share as their parents would have taken had they been living: Hayes's Appeal, supra; Brenneman's Appeal, 40 Pa. 115.

" After the passage of this act of 1855, grandnephews and grandnieces, and first cousins, alone of all relatives of an intestate, where all stood in the same degree of consanguinity to intestate, took and distributed such intestate's estate per stirpes; it was the one exception to the law as laid down and enacted in the 14th section of the act of 1833. It was enacted after the act of 1833, and therefore changed the rule there provided.

" Brenneman's Appeal and Hayes's Appeal and the act of 1855 would govern this distribution and make it a per stirpes distribution, were it not that the legislature enacted in 1885 an act which was approved the 30th day of June, 1885, P. L. 251, which provided as follows: ' Section 1. Be it enacted, etc., That whenever, by the intestate laws of this commonwealth, it is directed that the real and personal estate shall descend to, or be distributed among, several persons, whether lineal or collateral heirs or kindred standing in the same degree of consanguinity to the intestate, if there shall be only one of such degree he shall take the whole of such estate, and if there be more than one they shall take in equal shares, and if real estate, shall hold the same as tenants in common.

" ' Section 2. All acts or parts of acts inconsistent herewith be and the same are hereby repealed.'

" This is but the re-enactment of the 14th section of the act of 1833, in hæc verba, and operates on the act of 1855 as an express repeal of the provision of the act of 1855, in so far as it prescribes the method of distribution. And further the act of 1885 has the same effect on distributions made under acts passed since 1833 as the 14th section of the act of 1833 had on distributions under the law as it stood prior to its passage, and under it.

" The act of 1885 thus harmonizes the entire intestate system in so far that it again places all heirs, whether lineal or collateral, when in the same degree of consanguinity to the intestate, on the same and equal footing, and provides in all such cases, be they all children, all grandchildren, all great-grandchildren, etc., all brothers and sisters, all nephews and nieces, all uncles and aunts, or all first cousins, that they shall take per capita.

" Your auditor therefore distributes the balance, after deducting the claims allowed, the credits granted the administrator and the expenses of audit, to and among the sixteen first cousins per capita, giving and awarding to each one full equal sixteenth part of such balance.

" It had been strenuously argued that the case reported as Estate of Mary Rogers deceased, 131 Pa. 382, governs this distribution, and that under it the distribution should be per stirpes. True it is that this case has been decided since the approval of the act of 1885. But the only question raised before the court below or the Supreme Court was whether second cousins, or cousins once removed, were entitled to participate where there were first cousins living. And that question was decided; although the opinion does say ' that the rule of distribution is per stirpes and not per capita : ' but it will be noticed that the attention of the court was not directed nor called to the act of 1885 by counsel for either of the litigants ; nor is any mention made of the act of 1885 in the per curiam opinion filed in the case. The above case does not in the least change our opinion as to the proper and legal distribution to be made in this case."

Exceptions to auditor's report by appellants, whose shares were reduced by the per capita distribution, were dismissed by the court, LATIMER, P. J.

*Errors assigned* were dismissal of exceptions, quoting them.

*N. M. Wanner, George S. Schmidt* and *Charles E. Ehrehart* with him, for appellants, cited : Acts of April 8, 1833, § 7, P. L. 318; April 27, 1855, P. L. 368; June 30, 1885, P. L. 251; Brenneman's Ap., 40 Pa. 115 ; Lane's Ap., 28 Pa. 487 ; Hayes's Ap., 89 Pa. 256; Rogers's Estate, 131 Pa. 384; Dorsey's Ap., 72 Pa. 192; Pierie v. Phila., 139 Pa. 573; Hatfield v. Com., 120 Pa. 395; Com. v. Frantz, 135 Pa. 389.

*Smyser Williams, R. E. Cochran, George W. Heiges* and *Chas. M. Wolff* with him, for appellees, cited: Brenneman's Ap., 40 Pa. 115; Hayes's Ap., 89 Pa. 256; Miller's Ap., 40 Pa. 387; Rogers's Est., 131 Pa. 384; Craig v. Church, 88 Pa. 46; Esling's Ap., 89 Pa. 210; Blood v. Mercelliott, 53 Pa. 391; Dorsey's Ap., 72 Pa. 192; Foster's Case, 11 Rep. 107; Barber's Contested Election, 86 Pa. 400; Van Rensselaer v. Snyder, 9 Barb. 308; Sifred v. Com., 104 Pa. 181; Homer v. Com., 106 Pa. 226.

PER CURIAM, June 7, 1893:

All that can be profitably said on the question presented in this case will be found in the opinion of the learned auditor, whose report was fully approved and adopted by the learned president of the orphans' court. On that opinion we affirm the decree of the court below.

All the parties entitled to participate in the fund for distribution were related to the intestate in the same degree. They were all first cousins, and hence the per capita distribution according to the provisions of the act of June 30, 1885, P. L. 251, was correct.

Decree affirmed and appeal dismissed at appellants' costs.